UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LYNNE T. CONTE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| MARTIN E. KENNEY, | ) | C.A. No. 13-10458-NMG |
|     Defendant. | ) | |
| _____ | ) | |
| | ) | |
| LYNNE T. CONTE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | C.A. No. 13-10464-NMG |
| | ) | |
| MICHAEL G. COSTA, | ) | |
|     Defendant. | ) | |

MEMORANDUM AND ORDER

GORTON, D.J.

BACKGROUND

On February 28, 2013, Plaintiff Lynne T. Conte ("Conte") filed two related self-prepared Complaints stemming from family matters involving the custody and/or specialized foster care or departmental foster care of Conte's four children. In the first action, Conte v. Kenney, Civil Action No. 13-10458-NMG, Plaintiff alleged that Defendant Martin E. Kenney ("Kenney"), the Area Clinical Manager for the Massachusetts Department of Child and Families ("DCF"), made certain representations to the state court during a custody hearing with respect to Conte's psychological condition. She claimed that as a result Kenney's assessment of her and his use of the word "mental" the state court judge awarded custody of the children to DCF. Her damages

claims were based on allegations of: (1) manipulating the court and judge; (2) causing pain and suffering in the removal of her four children from her custody; (3) failing to place accurate reports in the DCF/court case file; (4) failing to have a professional license to qualify to give an opinion about the credibility of the 2005 report of Conte's psychologist.

In the second action, Conte v. Costa, Civil Action No. 13-10464-NMG, Plaintiff alleged that Defendant Michael G. Costa (Costa"),  a DCF social worker, was liable for slander, libel, neglect, and mental abuse, all in connection with his oversight of her children as the assigned social worker, and in connection with custody proceedings and mental health reports . In addition to monetary damages, Conte sought injunctive relief, including amendments to the state court files and/or DCF records to reflect that she does not have mental health issues and that she had not neglected her children.

On March 29, 2013, this Court issued a Memorandum and Order in each case, declining to appoint *pro bono* counsel, granting Conte *in forma pauperis* status, and directing her to file an Amended Complaint in each action that comported with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Additionally, this Court directed Conte to demonstrate good cause in writing why these two cases should not be dismissed for the reasons stated therein. These reasons included: (1) the failure to comply with Rule 8; (2) the apparent bar to her claims presented by the applicable statute of limitations;[1] (3) the bar to her claims presented by the immunity of social workers and the absolute privilege defense; (4) the bar to her claims against

---

[1] It appeared that Conte complained of libel with respect to documents filed by Costa on May 26, 2005 and September 8, 2005 in the Juvenile Court.  It also appeared that Conte complains of libel by Kenney in connection with his testimony in the Attleboro District Court some time in 2005.

state employees for negligence in light of the Massachusetts Tort Claims Act ("MTCA"); (5) the lack of mandamus jurisdiction to compel a state actor to alter state records regarding her mental health status; (6) the failure to allege a *bona fide* basis for the amount in controversy to establish diversity jurisdiction under 28 U.S.C. § 1332; (7) the jurisdictional bar to her claims based on the domestic relations exception; and (8) the jurisdictional bar to her claims based on abstention principles or on the Rooker-Feldman doctrine. Conte was advised that she will would not be given further opportunities *ad seriatim* to comply with the directives contained in the Memorandum and Order, and also was advised that failure to comply would result in a dismissal of each action.

On April 17, 2013, Conte filed an Amended Complaint in each action, which incorporated her Show Cause Response. Also included were various exhibits in support.

## DISCUSSION

I.  Conte v. Kenney, Civil Action No. 13-10458-NMG

Conte's Amended Complaint against Kenney is written in narrative form and contains questions and arguments. It does not, however, contain, in a coherent fashion, a brief statement of the causes of action and the factual basis for the assertion of liability. From what can be discerned, Conte reiterates many of the allegations contained in the original Complaint and as discussed in the prior Memorandum and Order. She also intermingles her claims against Costa with those against Kenney.

Specifically, Conte complains that the Stipulation entered into by the parties on September 26, 2005 (regarding the placement or custody of her children) did not reflect her agreement, and instead was altered with handwritten notes from the Defendant in 2006. She

contends her appointed counsel in connection with the custody proceedings was supposed to have amended the Stipulation stating that Conte, with permission of the judge in the Attleboro District Juvenile Division, was traveling to California on business (thus indicating that Conte did not abandon her children). She further contends that in 2006, she received a telephone call from an associate of Costa and Kenney seeking money from her in order to pay for braces for her daughter.

Next, she contends that in December, 2010 or January, 2011, she had a telephone conversation with Cathy Melo ("Melo") (apparently the person who housed Conte's daughter in a "Specialized Home"). Melo informed Conte that Costa did not perform routine visits to her home because it was too far for him to drive to her home.

As an additional matter,, Conte asks this Court to require Kenney to explain why he believed that she contributed to her children's (bad) behavior. She also asks that Kenney be required to explain why he stated in a letter to her, dated January 13, 2011, that he was confident she would have the children returned to her, but that did not happen despite the fact that she passed a psychological test. In that same letter, Kenney expressed that he understood Conte's hurt as a parent (because of the removal of her four children). She asks that he be liable in damages for her suffering.

With respect to the legal impediments to her claims, Conte first alleges that the statute of limitations does not bar her claims because Kenney's letter was dated January 13, 2011. She does not address the issue regarding the statute of limitations with respect to the dispute over the 2005 Stipulation regarding her children, or to Kenney's testimony concerning her mental health status, given in 2005 or 2006.

Next, with respect to the issue of immunity, Conte simply alleges that she was not a neglectful parent. With respect to the issue of lack of mandamus jurisdiction to correct state reports, Conte claims that she has tried to resolve this issue in June/July, 2011, but has been unsuccessful.

With respect to the domestic relations exception to jurisdiction, Conte contends that this case is solely about Kenney's questioning of the report of her psychological testing in his letter dated January 13, 2011, without having proper credentials to give an opinion.

Finally, with respect to the amount in controversy, Conte simply alleges that the parties are of diverse jurisdiction. She does not address the issues raised previously with this Court about the amount in controversy (as simply a multiple of the child support she claims was owed to her rather than any basis for damages arising out of Kenney's alleged conduct).

Attached to the Amended Complaint/Show Cause Response, is: (1) a Letter to Conte dated February 12, 2013, from DCF Director of the Office of the Ombudsman indicating that she was notified that the office would no longer respond to her correspondence; (2) a blurred copy of a photograph of Conte's son (who allegedly has aortic stenosis); (3) an advertisement from the internet regarding foster care providers in the Daytona, Florida area (listing openings for foster care providers, the eligibility requirements, and compensation).[2]

Upon consideration of all of Conte's contentions, this Court finds that the Amended Complaint materially fails to comply with the directives contained in the prior Memorandum and Order to set forth her claims in accordance with Rule 8. Additionally, this Court finds that Conte

---

[2]Presumably, this document was filed in support of Conte's claim that she should have been provided compensation by the DCF to foster her own children, rather than having them removed from her custody.

has failed to demonstrate good cause why this action should not be dismissed.  Even if this Court were to credit her argument that the statute of limitations does not bar her claims against Kenney because they are based solely on the January 11, 2013 letter from Kenney to her, she still has not shown sufficiently that her claims are not barred by the other legal impediments previously discussed.  Specifically, she fails to demonstrate sufficiently how her claims against Kenney are not barred by the immunity afforded to social workers and/or the absolute privilege afforded to Kenney based on his testimony in court concerning Conte's mental health status.  She also fails to demonstrate how her claims of negligence are not barred by the MTCA, or how her unsuccessful attempts to obtain modification of records provides this Court with mandamus jurisdiction to compel the alteration of state records.  Further, Conte utterly fails to comply with this Court's directives to set forth a *bona fide* basis for the amount in controversy to establish diversity jurisdiction.  She also fails to show how the domestic relations exception to jurisdiction does not bar her claims, or how her claims are not barred because they seek either interference with state court proceedings, or judicial review of final decisions of the state court regarding custody determinations.

As an additional matter, although Conte now alleges that she is suing Kenney only on the basis of the January 13, 2011 Letter, the underlying claims forming the basis of liability clearly stem from the court proceedings in 2005 and 2006 (as set forth in her original Complaint), despite her statement to the contrary.  Thus, to the extent that she has reiterated her claims against Kenney based on his opinion of her psychological status (given in 2005 or 2006), those claims clearly are barred by the three-year statute of limitations.

Moreover, to the extent that Conte basis her claims solely on the January 13, 2011 Letter

as she now claims, she fails to set forth any plausible claims upon which relief may be granted based on that Letter.

This Court addressed in detail the substance of Kenney's Letter in the prior Memorandum and Order.  To reiterate briefly, the Letter advised Conte that the documents she sent to him were reviewed, as was the case record.  He stated that none of the children who had open cases with the DCF were under 18 and therefore he could not share any confidential information with her about them.  Further, while one of the children was not quite 18, his case had been closed when a guardianship petition was finalized.

Next, the Letter acknowledged that from the records and recent statements Conte made to him, it was clear that she had struggled to manage the behavior of her children, especially her daughter, back in 2004/2005.  Kenney acknowledged that this was a difficult time for Conte because she received no child support, needed to work long hours, and was forced to live in a troubled neighborhood.  The Letter also acknowledged that Conte had requested voluntary services from DSS, and that there were many calls to the police and trips to the hospital for crises evaluations because of the children's behavior.  Conte and DSS could not agree upon her responsibility, but DCF believed her involvement to be significant, and believed that her behavior led to its taking court custody of the children.

Kenney further noted that Conte's allegation that his use of the word "mental" in describing her in court proceedings was the sole reason the court gave DSS custody of the children; however, he stated that her psychologist, Dr. Ober, identified some issues that could have led to improved relationships between Conte and her children. Kenney also indicated that the children were not young at the time, and if Conte had not moved to California abruptly, he

was confident that she would have had the children returned to her. Because Conte had moved to California, however, there was no way for her to improve the relationship with her children.

Finally, Kenney stated that Conte should focus her efforts on rebuilding her relationship with her children, but noted that they remained extremely angry with her and did not want to have any contact. He further stated: "[a] piece of the work needs to be your taking some responsibility for moving to California and not continuing to blame Mike Costa, DSS, the courts, the system which did not pay you child support, the system that did not pay foster care payments directly to you, their father, their grandparents or anyone else." See Letter (Docket No. 1-4 at 19).

It is clear that Conte takes issue with some of the opinions or statements set forth in Kenney's Letter (such as the statement that she moved to California "abruptly" or the statement that she needed to take some responsibility); however, these disputes do not implicate any legal cause of action on the face of the Letter.

Accordingly, for all the reasons set forth in the prior Memorandum and Order, and for the reasons set forth herein, this action will be DISMISSED.

II.     Conte v. Costa, Civil Action No. 13-10464-NMG

As with the Amended Complaint/Show Cause Response in the related action against Kenney, Conte's Amended Complaint/Show Cause Response against Costa suffers from the same Rule 8 pleading defects. Again, the pleading is written in narrative form and is not entirely intelligible. It does not set forth a brief statement of the claim and the underlying facts in support. Indeed, much of the document parrots the Amended Complaint/Show Cause Response in the Kenney case, and reiterates the allegations contained in the original Complaint.

Specifically, in the Amended Complaint/Show Cause Response, Conte complains about the conversation she had with foster parent Melo, who stated in a telephone conversation that she became a foster parent in order to be financially secure.  Presumably, this assertion relates to Conte's belief that she could have been financially secure as well, had the DCF paid her to care for her own children instead of placing them in foster care.

Conte alleges that Costa told Melo that there were mental abuse accusations against Conte.  She claims these were hurtful and defamatory.[3]  Further, she complains that Costa omitted from his court report in the Attleboro District Court Juvenile Division, the psychologist's report (of the results of Conte's psychological testing of her on June 2, 2005).  As a result of the omission and lack of this information (which supported Conte's claim of lack of mental health issues), the state court judge ruled that her children were not allowed to return home.  She seeks to know why Costa stated that she had mental health issues, and why he did not inform the court of the psychological testing results.  She contends this case is not about child custody or domestic relations, but is directed solely to the alleged assault (that is, his misrepresentation in a written report) against her; however, she seeks damages for misrepresentations made to the judge in the Attleboro District Court in 2005.

Next, she asks this Court to require Costa to explain why he did not conduct routine visits to Melo's home, and why he did not protect Conte's daughter from older men.  She further claims that under Costa's "team" her children were severely neglected. Am. Compl. (Docket No. 7 at 4).

---

[3]She also claims that her appointed attorney (a non-party) told Conte in 2005 that the court case would not close until the last child turned 18.

Conte also contends that her daughter told her that, in 2005/2006, Costa told her that as long as the children stayed in the DCF system, they would never have to pay for college. Conte contends that this statement damaged her relationships with her children, and that it contradicted Kenney's January 13, 2011 Letter. Conte asks whether Costa and the DCF are going to pay for her (now adult) children's graduate studies (beyond a Bachelor's degree), based on Costa's statement to the children that they would never have to pay for college.

With respect to the issue of the bar posed by the statute of limitations, Conte claims that the claims are not barred because it was in December, 2010 or early 2011 when Melo told Conte of Costa's statements against Conte. Next, with respect to immunity, Conte claims that Costa is not entitled to immunity as a social worker because she was not a negligent parent, and thus his words were defamatory.

With respect to the bar of the MTCA, Conte misunderstands its application. She asserts that she erred in believing the DCF to be a United States Agency, but claims she is not suing the DCF, only Costa and Kenney, and therefore the MTCA does not bar the claims. She fails to address, however, this Court's discussion in the prior Memorandum and Order concerning the bar to negligence claims against state employees under the MTCA, since liability inures to the public employer, not the public employee.

Next, with respect to the domestic relations exception to jurisdiction, Conte claims this case is about actions taken by Costa against her, involving her mental capabilities. She cites to Kenney's January 13, 2011 Letter as support for the hurt she suffered. She fails to address the exception as it pertains to the report given to the state court concerning her mental health, which was used in custody decisions.

Finally, with respect to the issue of the amount in controversy to establish diversity jurisdiction, Conte simply asserts that there is diversity of citizenship since she is a resident of Florida and Costa is presumed to be a resident of Massachusetts.  She does not address the issue of the amount in controversy whatsoever, nor does she explain why she claimed damages to be multiples of child support obligations of the children's father.

Attached to the Amended Complaint was the Letter to Conte dated February 12, 2013, from DCF Director of the Office of the Ombudsman indicating that she was notified that the office would no longer respond to her correspondence; a blurred copy of a photograph of two children wearing athletic clothing along with a calendar; a copy of an e-mail between Robert P. Williams and Conte, dated January 4, 2011 indicating to Conte that her case was assigned to him as the investigator.

Upon consideration of the Amended Complaint/Show Cause Response, this Court finds that, for essentially the same reasons as set forth above in connection with the Kenney case, Conte materially fails to comply with the directives to set forth her claims in accordance with Rule 8, and fails to demonstrate sufficiently why this action should not be dismissed.  Again, underlying her allegations are matters that occurred in 2005 in connection with state court custody proceedings.  Thus, the statute of limitations bars all of her claims based on Costa's actions or inactions in connection with psychological report filed with the state court.  Moreover, Conte has set forth no circumstances that would undermine the social worker immunity afforded to Costa based on his actions in overseeing the children's DCF cases.  Further, to the extent that Conte's claims are based on the negligence of Costa in connection with his care of the children or lack of oversight while in DCF custody or foster care, such claims are barred by the MTCA.

As an additional matter, with respect to all claims including the defamation claim, although Conte asserts that this case does not involve domestic relations, it is clear that in order to prevail on the claims against Costa, this Court would be required to delve into the mental health status as determined by the state court judge in connection with the child custody proceedings. In short, the matters are so intertwined with the state court custody case that, as noted in the prior Memorandum and Order, the presence of family-related matters argues strongly for total abstention. See Sutter v. Pitts, 639 F.2d 842, 843 (1st Cir. 1981) (federal courts should abstain from adjudicating claims closely related to the jurisdictional exception).

Finally, Conte has not shown sufficiently that the *bona fide* amount in controversy exceeds $75,000.00 in order to establish diversity jurisdiction, or that this Court has mandamus jurisdiction to compel the alteration of state court records regarding her mental health.

Accordingly, for all the reasons set forth above, and for the reasons set forth in the prior Memorandum and Order, this action will be DISMISSED.

Conte has been afforded an opportunity to set forth her claims under Rule 8, and to show cause why her cases should not be dismissed based on the legal impediments outlined in the prior Memorandum and Order. She was advised that no further opportunities would be afforded to her after this one. At this juncture, this Court finds that it would be an exercise in futility and a waste of judicial resources to permit any further attempts by Conte to resuscitate these actions.

CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1.  Conte v. Kenney, Civil Action No. 13-10458-NMG is DISMISSED in its entirety.

2.       Conte v. Costa, Civil Action No. 13-10464-NMG is DISMISSED in its entirety.

SO ORDERED.

                                                      /s/ Nathaniel M. Gorton  
                                                      NATHANIEL M. GORTON  
DATED: May 24, 2013                     UNITED STATES DISTRICT JUDGE